IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | CASE NOS. | | |
|---|---|---|---|---|
| J.H.E.L., *et al.*, | * | 4:25-cv-402 | 4:25-cv-435 | 4:25-cv-455 |
| Petitioners, | * | 4:25-cv-404 | 4:25-cv-436 | 4:25-cv-458 |
| | | 4:25-cv-405 | 4:25-cv-437 | 4:25-cv-459 |
| vs. | * | 4:25-cv-406 | 4:25-cv-439 | 4:25-cv-460 |
| | | 4:25-cv-407 | 4:25-cv-440 | 4:25-cv-461 |
| WARDEN, STEWART | * | 4:25-cv-408 | 4:25-cv-441 | 4:25-cv-465 |
| DETENTION CENTER, *et* | | 4:25-cv-409 | 4:25-cv-443 | 4:25-cv-467 |
| *al.*, | * | 4:25-cv-411 | 4:25-cv-445 | 4:25-cv-468 |
| | | 4:25-cv-421 | 4:25-cv-446 | 4:25-cv-469 |
| RESPONDENTS. | * | 4:25-cv-422 | 4:25-cv-448 | 4:25-cv-472 |
| | | 4:25-cv-426 | 4:25-cv-449 | 4:25-cv-473 |
| | * | 4:25-cv-429 | 4:25-cv-450 | 4:25-cv-475 |
| | | 4:25-cv-430 | 4:25-cv-451 | 4:25-cv-505 |
| | * | 4:25-cv-431 | 4:25-cv-452 | 4:25-cv-506 |
| | | 4:25-cv-433 | 4:25-cv-453 | |
| | * | | | |

O R D E R

Petitioners are detainees at the Stewart Detention Center awaiting removal proceedings.  They seek habeas corpus relief based on Respondents' refusal to provide them with a bond hearing and the opportunity for pre-removal release while the removal proceedings are pending.  Respondents contend that Petitioners' detention is mandatory under 8 U.S.C. § 1225(b)(1) and/or 8 U.S.C. § 1225(b)(2).  The above captioned cases involve common questions of law and fact.  Therefore, they are consolidated pursuant to Federal Rule of Civil Procedure 42.

The Court reviewed each Petitioner's application.  The Court finds that each Petitioner is currently detained under 8 U.S.C. § 1226(a)  and  therefore  not  subject  to  mandatory

detention as required by 8 U.S.C. § 1225(b)(2).[1] *See J.A.M. v. Streeval*, No. 4:25-CV-342-CDL, 2025 WL 3050094 (M.D. Ga. Nov. 1, 2025); *P.R.S. v. Streeval*, No. 4:25-CV-330-CDL, 2025 WL 3269947 (M.D. Ga. Nov. 24, 2025).[2]  Accordingly, each Petitioner's application for habeas corpus relief is granted to the extent that Respondents shall provide each Petitioner with a bond hearing to determine if the Petitioner may be released on bond under § 1226(a)(2) and the applicable regulations. *See* 8 C.F.R. §§ 236.1 & 1236.1.[3]

IT IS SO ORDERED, this 2nd day of January, 2026.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] To the extent that the parties make arguments based on a belief that any Petitioner is a member of the "Bond Eligible Class" certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), any membership in that class has no effect on the Court's decision for several reasons.  First, only the named petitioners sought habeas relief in *Maldonado Bautista*.  Second, the named petitioners did not seek nationwide habeas relief.  Third, in granting declaratory relief, the California District Court correctly noted that habeas relief could only be afforded to class members who were located within the boundaries of the Central District of California. *Id.* at *14 (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 446 (2004) for the proposition that "habeas jurisdiction lie[s] 'in only one district: the district of confinement'").

[2] In most of the above-captioned cases, Respondents filed motions to dismiss the habeas petitions but later withdrew or partially withdrew those motions.  The motions that were not withdrawn seek dismissal on grounds that the Court rejected in *J.A.M.* and *P.R.S.*  The present motions to dismiss are denied for the reasons set forth in *J.A.M.* and *P.R.S.*

[3] The brevity of this order is appropriate given that the issue presented is exactly the same as the issue previously decided on numerous occasions by the Court and yet Respondents insist upon denying the relief that the Court has found is required.